IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA G. MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:11-CV-03138-BCW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff Barbara G. McCall's brief seeking judicial review of a final decision by Defendant Commissioner of Social Security (Doc. #15) and Defendant Commissioner's brief in support of the Commissioner's decision (Doc. #18).

This matter involves the appeal of the Commissioner's final decision denying McCall's application for a period of disability and disability insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). The Court must decide whether the Commissioner's finding that McCall was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). The Court reviews the ALJ's factual findings to determine whether they are supported by substantial evidence on the record as a whole, and reviews de novo whether the ALJ's conclusions are based on legal error. Miles v. Barnhart, 374 F.3d 694, 698 (8th Cir. 2004) (citation omitted). The Court should affirm the Commissioner's final decision where the ALJ has correctly applied the law and where there is substantial evidence on

1

the record as a whole to support the decision. Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg, 615 F.3d at 938.

## BACKGROUND

McCall filed an application for disability and disability insurance benefits under Title II of the Act and an application for supplemental security income under Title XVI on April 11, 2008. Both applications were denied initially on July 17, 2008. On McCall's Request for Hearing, she appeared before Administrative Law James Francis Gillet ("ALJ") on January 11, 2010. On February 22, 2010, the ALJ rendered unfavorable decisions on both of McCall's applications.

The ALJ considered McCall's impairments using the required five-step sequential evaluation process. 20 C.F.R. § 404.1520 (2012). At step one, the ALJ found McCall had not engaged in substantial gainful activity since May 1, 2006, the alleged disability onset date. At step two, the ALJ found McCall had the following severe impairments: thoracic and lumbar spondylosis, obesity, nicotine abuse, reactive airways disease, depression, and anxiety. 20 C.F.R. § 404.1520(a)(4)(ii) (2012). At step three, the ALJ found none of McCall's impairments alone or in combination with other impairments medically equaled a listed impairment. 20 C.F.R. pt. 404, subpt. p, app.1 (2012); 20 C.F.R. § 404.1520(d) (2012); 20 C.F.R. § 404.1525(a)(4)(iii) (2012).

After step three, the ALJ was required to determine McCall's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e) (2012). Based on all the evidence, the ALJ determined McCall had the RFC to perform sedentary work, but with marked limitation in her ability to carry out complex instructions, and she should be limited to only occasional interaction with the public. 20 C.F.R. § 404.1567(a) (2012); 20 C.F.R. § 416.967(a) (2012). The ALJ also examined the evidence and hearing testimony and found McCall's subjective complaints concerning the

intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with McCall's RFC.

The ALJ then proceeded to step four and determined McCall was unable to perform any past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv) (2012). Finally, the ALJ proceeded to step five and found based on McCall's age, education, work experience, and RFC, that jobs exist in significant numbers in the national economy that McCall could perform. 20 C.F.R. § 404.1569(a)(4)(v) (2012); 20 C.F.R. § 416.960(c) (2012); 20 C.F.R. § 416.966 (2012). Based on the testimony of a vocational expert utilizing the assessed RFC, the ALJ found McCall was able to perform sedentary unskilled occupations, such as final assembler and table worker. 20 C.F.R. 404.1569 (2012). Thus, the ALJ found McCall was not disabled as defined under the Act. The Appeals Council denied McCall's request for review on March 3, 2011, which made the ALJ's decision the Commissioner's final decision.

McCall argues the ALJ's decision was not supported by substantial evidence on the record as a whole because the ALJ erred in the following ways: (1) not including a function-by-function assessment in determining McCall's RFC; (2) refusing to allow the vocational expert to respond to Dr. Brannen's Medical Source Statement; (3) not according proper weight to Dr. Langguth's opinion; and (4) concluding McCall had not been prescribed pain modalities.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument on June 22, 2012. McCall appeared by counsel, and the Commissioner appeared by counsel. Based on the parties' arguments and a complete review of the administrative record, the Court affirms the Commissioner's final decision.

3

### A. THE ALJ'S RFC ASSESSMENT WAS PROPERLY FORMULATED AND BASED ON SUBSTANTIAL EVIDENCE ON THE RECORD AS A WHOLE.

Before step four, the ALJ must assess the claimant's RFC. 20 C.F.R. § 416.920(e) (2012). An individual's RFC assesses a person's ability to do work-related physical and mental activities on a regular basis. SSR 96-8p. When formulating RFC, the ALJ must include the following: (1) a narrative discussion of how the evidence supports each conclusion and cite specific medical and non-medical facts; (2) an assessment of an individual's ability to perform sustained work activities in a work setting on a regular and continuing basis; and (3) a description of the maximum amount of each activity a person can perform. SSR 96-8p. It is the ALJ's duty to formulate the RFC based on all relevant, credible evidence. Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007).

#### 1. The ALJ properly assessed McCall's ability to perform work-related activities.

McCall suggests the ALJ's RFC assessment is deficient because the ALJ did not expressly address each work-related function before finding McCall retained the RFC for sedentary work with minimal restrictions. The Commissioner argues the ALJ found McCall could perform sedentary work but posed a question to the vocational expert that included much more detailed information about McCall's functional abilities, leading to harmless error, if any.

"The RFC assessment must first identify the individual's functional limitations . . . and assess his or her work-related abilities on a function-by-function basis." SSR 96-8p. The ALJ should assess a claimant's physical and mental abilities, as well as other abilities affected by any impairment. 20 C.F.R. § 404.1545 (2012); SSR 96-8p. A claimant's limited ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, crouch, understand, remember, carry out instructions, respond appropriately to supervisors, co-workers, and work pressures, or tolerate

4

certain environments may reduce an individual's ability to work. 20 C.F.R. § 1545(b)-(c) (2012). After the ALJ has assessed a claimant's work-related limitations on a function-by-function basis the RFC may be expressed in terms of the exertional levels, such as sedentary, light, medium, heavy, and very heavy. SSR 96-8p.

Here, the relevant evidence included McCall's own descriptions of pain and limitations that the ALJ found not fully credible. Where an ALJ discredits a claimant's testimony and gives good reason for the discredit, the Court will defer to the ALJ's credibility determination. Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (citation omitted). Though subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them, the complaints may be discounted if they are inconsistent with the evidence as a whole. Polaski v. Heckler, 739 F.2d 1320, 1321 (8th Cir. 1984). The ALJ found McCall retained the RFC for sedentary work with marked limitation in her ability to carry out complex instructions with the ability to occasionally interact with the public after he considered McCall's mental impairments, medical records, and reports of McCall's daily activities. The ALJ found the record suggested McCall exaggerated her symptoms and limitations.

The Court disagrees with McCall and finds the ALJ adequately specified the details of McCall's RFC. The ALJ did not simply describe the RFC in general terms, but made at least some explicit findings. See Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003); but cf. Pfitzner v. Apfel, 169 F.3d 566, 568-69 (8th Cir. 1999). The requirement for the ALJ to make explicit findings may also be discharged by reference to the specific job descriptions in the Dictionary of Occupational Titles that are associated with the claimant's past work. Pfitzner, 169 F.3d at 569 (citation omitted). Though it is preferred the ALJ make specific findings about each work-related function, the Court does not believe the ALJ overlooked these functions. The ALJ

5

Case 6:11-cv-03138-BCW   Document 24   Filed 10/01/12   Page 5 of 11

found McCall was not limited in any work-related function that was not enumerated. The record reflects the ALJ implicitly found McCall was not limited in these areas. The functions addressed by the ALJ's RFC assessment were those where the ALJ found a limitation, thus giving reason for the Court to believe that those functions omitted were those that were not limited. In addition, the ALJ referenced the <u>Dictionary of Occupational Titles</u> in finding McCall was unable to perform her past relevant work as an informal waitress or cashier. The Court therefore finds the ALJ implicitly found McCall was not limited in any function that was not expressly addressed and there is no reason to remand to make the findings explicit.

### 2. The ALJ properly assessed the medical opinion evidence.

Though the ALJ bears the responsibility to make an administrative assessment of an individual's RFC based on all relevant evidence, an individual's RFC is a medical question. <u>Lauer v. Apfel</u>, 245 F.3d 700, 704 (8th Cir. 2001) (citation omitted). The ALJ should address every medical opinion and discuss the weight assessed to each in formulating an RFC. SSR 96-8p. A treating source's opinion can be discounted when there are other medical assessments that are supported by better or more thorough medical evidence, or when the treating physician's opinion is inconsistent. <u>Cantrell v. Apfel</u>, 231 F.3d 1104, 1107 (8th Cir. 2000) (citation omitted).

McCall contends the ALJ committed reversible error by forbidding the vocational expert to respond to the July 2009 Medical Source Statement – Mental completed by Dr. Brannen ("Statement") because references made in the Statement were not defined. McCall suggests the ALJ should have contacted Dr. Brannen for clarification of his opinion regarding McCall's mental limitations.

Here, the ALJ declined to allow McCall's counsel to question the vocational expert using the Statement due to the lack of definitions of terms in it related to the severity of McCall's

6

impairments. McCall asserts the ALJ committed reversible error by failing to contact Dr. Brannen to resolve any concerns about the validity of the medical report. However, it appears from the record the ALJ precluded the vocational expert from answering questions based on Dr. Brannen's report because the vocational expert was not qualified to interpret the medical questions McCall's attorney sought to pose by having the vocational expert reference the Statement directly. (Tr. at 46, 80). In effect, the ALJ declined to permit McCall's attorney to pose an improper question to the vocational expert.

The ALJ bears a responsibility to develop the record, but the ALJ need not "seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (citation omitted). The ALJ does not need to give special significance to an opinion on issues reserved to the Commissioner, including opinions on the severity of an impairment. 20 C.F.R. § 404.1527(d) (2012). The Court finds the ALJ did not have a duty to contact Dr. Brannen. It appears from the record the ALJ considered all medical opinions in formulating McCall's RFC, including the Statement, but discounted this particular opinion due to Dr. Brannen's reliance on McCall's subjective complaints and the opinion's inconsistencies both internally and on the record as a whole. (Tr. at 42). Though the ALJ did not permit the vocational expert to answer questions about this particular Statement, this lack of testimony had no bearing on the ALJ's consideration of the same. Moreover, the definitions at issue in the Statement are terms related to McCall's impairment severity, like "moderately limited" and "markedly." (Tr. at 435-36). The severity determination of McCall's impairments is reserved to the ALJ; therefore, the ALJ is not bound to the findings of a treating physician on these issues and clarification from Dr. Brannen was not necessary. In sum, the ALJ considered all the opinion evidence of record and resolved the inconsistencies existing therein.

7

See Travis v. Astrue, 477 F.3d 1037, 1042 (8th Cir. 2007). The Court finds the ALJ was not required to seek clarification from Dr. Brannen related to the Statement.

McCall additionally suggests the ALJ erred by improperly considering the opinion of McCall's primary care physician, Dr. Langguth. McCall contends the ALJ committed legal error by not making a finding of whether Dr. Langguth's opinion was well-supported by medically acceptable and laboratory diagnostic techniques, thus leading to error in the ALJ's consideration of Dr. Langguth's opinion as that of a treating physician.

Generally, the ALJ should accord more weight to the opinion of a claimant's treating sources. 20 C.F.R. § 404.1527(c)(1) (2012). A treating source's opinion should be afforded controlling weight if it is supported by objective evidence and is not inconsistent with the record. Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000). If controlling weight is not warranted, the ALJ must then determine how much weight to afford to the treating source's opinion by considering the following factors: (1) duration of treatment relationship; (2) nature and extent of treatment; (3) degree to which relevant evidence supports the opinion; (4) any contradiction between the opinion and the overall record; (5) whether the physician is a specialist; and (6) any other factors. 20 C.F.R. § 404.1527(d)(2)(i)–(d)(6) (2012). The ALJ must give good reason in an unfavorable disability "decision for the weight given to a treating source's medical opinion." SSR 96-2p. The "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight." Id.

Here, the Court finds the ALJ properly considered Dr. Langguth's opinion and the medical opinion evidence overall. McCall takes issue with the ALJ's expression of the weight

8

afforded to Dr. Langguth's opinion. The regulations require an ALJ to first determine whether a treating physicians' opinion is entitled to controlling weight. Then, if controlling weight is not warranted, the ALJ must apply the factors to determine how much weight to afford to that opinion. Contrary to McCall's argument, the Court finds the Commissioner's regulations do not require the ALJ to make specific findings to the extent McCall suggests in applying the relevant factors.

The ALJ properly considered the medical evidence in this case in light of all other credible evidence of record. The Commissioner's regulations require the ALJ to give specific reasons for the weight afforded to a treating physician's opinion. Though the ALJ did not express his findings in the most articulate fashion, the Court finds the ALJ did not err in his consideration of evidence or the weight afforded. The ALJ's decision as a whole is clear to the extent that subsequent reviewers would be able to glean the reasons for the weight afforded to the medical opinions at issue, including Dr Langguth's opinion. As noted in the decision, the ALJ did not afford controlling weight to Dr. Langguth's opinion, having considered the opinion's basis on McCall's discredited subjective complaints and Dr. Langguth's area of expertise. Thus, the ALJ found Dr. Langguth's opinion was not entitled to controlling weight and was inconsistent with other substantial evidence of record.

The Court therefore finds the Commissioner properly considered the medical evidence and finds the RFC determination is based on substantial evidence on the record as a whole.

### B. THE ALJ PROPERLY CONCLUDED MCCALL HAD NOT BEEN PRESCRIBED CERTAIN PAIN MODALITIES.

McCall contends the ALJ's determination that she is not disabled was not based on substantial evidence on the record as a whole due to the ALJ's finding "claimant has not been prescribed pain modalities such as a TENS unit, a back brace, or an assistive device for

ambulation." (Tr. at 43). The Court finds this argument without merit.

As noted by McCall, the record indicates her pain was evaluated and treated by injections and pain patches, among other treatments. The ALJ acknowledged physicians had evaluated and treated McCall's pain. (Tr. at 41). The record does not indicate McCall was prescribed a TENS unit, a back brace, or assistive device for ambulation. The Court therefore finds the ALJ's finding that McCall had not been prescribed these pain modalities is based on substantial evidence on the record as a whole.

### C. THE ALJ PROPERLY FOUND MCCALL COULD PERFORM WORK EXISTING IN SIGNIFICANT NUMBERS IN THE NATIONAL ECONOMY.

At the hearing, the vocational expert testified McCall could perform a range of sedentary work existing in significant numbers in the local and national economies. The basic purpose of testimony from a vocational expert is for the ALJ to determine whether jobs exist for someone with claimant's *precise* disabilities. Jelinek v. Bowen, 870 F.2d 457, 459 (8th Cir. 1989) (citation omitted). "Ordinarily, the Commissioner can rely on the testimony of a [vocational expert] to satisfy its burden of showing that the claimant can perform other work." Robson v. Astrue, 526 F.3d 389, 392 (8th Cir. 2008) (citation omitted). However, a vocational expert's opinion is substantial evidence only if the ALJ accurately characterizes "the concrete consequences of a claimant's deficiencies" in the hypothetical question. Id. The hypothetical question need not be all encompassing but it needs to include impairments that are supported by the record and that the ALJ accepts as valid. Howe v. Astrue, 499 F.3d 835, 842 (8th Cir. 2007) (citation omitted).

Here, the hypothetical question posed to the vocational expert in this case was properly formulated because it included only those impairments the ALJ found credible and excluded those reported impairments discredited by the ALJ. Therefore, the vocational expert's testimony that McCall could perform work existing in significant numbers was consistent with the

10

information in the Dictionary of Occupational Titles and based on substantial evidence on the record as a whole.

## CONCLUSION

The Court therefore finds the Commissioner's determination that McCall is not disabled, as defined under the Act, was supported by substantial evidence based on the record as a whole.

IT IS HEREBY ORDERED, pursuant to Section 405(g), the Commissioner of Social Security's decision is AFFIRMED.

IT IS SO ORDERED.


DATED: October 1, 2012                        /s/ Brian C. Wimes
                                              JUDGE BRIAN C. WIMES
                                              UNITED STATES DISTRICT COURT